UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDRE S. WILLIAMS, SR.,

             Plaintiff,                        **DECISION AND ORDER**

      v.

                                              1:19-CV-00187 EAW

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.
_____

## INTRODUCTION

Represented by counsel, Plaintiff Andre S. Williams, Sr. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 16; Dkt. 17), and Plaintiff's reply (Dkt. 18). For the reasons discussed below, Plaintiff's motion (Dkt. 16) is granted in part, the Commissioner's motion (Dkt. 17) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his application for SSI on August 25, 2015. (Dkt. 10 at 20).[1] In his application, Plaintiff alleged disability beginning August 25, 2014, due to "hand problems," knee pain, foot pain, bipolar disorder, and schizophrenia. (*Id.* at 20, 300, 307). Plaintiff's application was initially denied on October 30, 2015. (*Id.* at 20, 187-98). At Plaintiff's request, a video hearing was held before administrative law judge ("ALJ") Roxanne Fuller on February 13, 2018, with Plaintiff appearing in Buffalo, New York, and the ALJ presiding from Falls Church, Virginia. (*Id.* at 20, 101-43). On May 16, 2018, the ALJ issued an unfavorable decision. (*Id.* at 17-41). Plaintiff requested Appeals Council review; his request was denied on December 17, 2018, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-11). This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1]   When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.  Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or

combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined

that Plaintiff had not engaged in substantial gainful work activity since August 25, 2015, the application date. (Dkt. 10 at 22).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: cervical and lumbar degenerative disc disease; right shoulder tendinitis; seizure disorder; history of gunshot wound to right hand and left forearm; schizoaffective disorder; mood disorder; anxiety disorder; and substance abuse disorder. (*Id.* at 22-23).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*. at 23). The ALJ particularly considered the criteria of Listings 1.02, 1.04, 11.02, 12.03, 12.04, and 12.06 in reaching her conclusion. (*Id.* at 23-25).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the additional limitations that Plaintiff:

> can occasionally climb ramps or stairs; can never climb ladders, ropes or scaffolds; occasionally balance, stoop, crouch, kneel, or crawl; frequent overhead reaching with right dominant hand; frequent handling objects, that is gross manipulation with the right dominant hand; frequent fingering, that is fine manipulation with the right dominant hand; occasional exposure to moving mechanical parts; occasional operating a motor vehicle; occasional exposure to unprotected heights; able to perform routine and repetitive tasks; no interaction with the public; and only occasional interaction with co-workers and supervisors.

(*Id.* at 25). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 35).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there

were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of motel cleaner, merchandise marker, and routing clerk.  (*Id.* at 36-37).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 37).

## II.      Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing: (1) the ALJ improperly cherry-picked the opinion of state psychiatric consultant Dr. S. Jurgia; (2) the ALJ failed to properly assess the opinion of treating physician Dr. Patrick Siaw; (3) the ALJ relied on stale medical opinion in assessing Plaintiff's physical RFC; and (4) the ALJ relied on her own lay interpretation of bare medical findings in determining Plaintiff's RFC.  (Dkt. 16-1 at 18).  For the reasons that follow, the Court agrees with Plaintiff that the ALJ relied on state medical opinion in assessing Plaintiff's physical RFC and concludes that this error necessitates remand.

### A.      Assessment of Plaintiff's Physical RFC

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  An RFC represents "the most work a claimant can still do despite limitations from an impairment and/or its related symptoms." *Farnham v. Astrue*, 832 F. Supp. 2d 243, 263 (W.D.N.Y. 2011) (citing 20 C.F.R. § 416.945(a)).  "An RFC finding will be upheld when it is supported by 'substantial evidence' in the record." *Rapaport v. Commissioner*, No. 16-CV-2617 (VSB)(JCF), 2018 WL 3122056, at *4 (S.D.N.Y. June 26, 2018) (citing *Goodale v. Astrue*, 32 F. Supp. 3d

345, 356 (N.D.N.Y. 2012)).

In this case, in assessing Plaintiff's physical RFC, the ALJ gave "partial weight" to the opinion of Dr. Siaw issued on September 1, 2015, and "partial weight" to the opinion of consultative examiner Dr. Donna Miller issued on October 11, 2015. (Dkt. 10 at 33). However, subsequent to the issuance of these opinions, on June 23, 2017, Plaintiff was struck by a motor vehicle while operating a bicycle. (*Id*. at 28, 401). Specifically, Plaintiff was hit by a car going approximately 35-50 miles per hour, which caused him to fall over his handlebars and land on his right side, resulting in pain to his right shoulder, arm, flank, and thigh. (*Id*. at 401). Plaintiff experienced chronic pain following this accident, and sought chiropractic treatment from July 2017 to October 2017. (*Id*. at 29). On August 3, 2017, Plaintiff was assessed by Dr. Nicholas A. Abramo of Chiropractic Care of WNY, LLC, for complaints of pain in his head, neck, back, and right arm and leg as a result of the accident. (*Id*. at 599). Dr. Abramo noted that Plaintiff had numerous abnormalities on physical examination, including abnormal gait and severely limited range of motion in his right shoulder and right knee. (*Id*. at 600). Plaintiff was seen by several doctors at Pinnacle Orthopedic and Spine Specialists ("Pinnacle") in early 2018 for ongoing issues with his right hip, right shoulder, knees, and back as a result of the accident. (*Id*. at 605-25). X-rays of Plaintiff's spine taken on January 6, 2018 revealed anterior osteophytes along L3-4 and L4-5, slight loss of disc space height at L5-S1, and moderate loss of disc space with anterior osteophytes at T11-12 and T12-L1. (*Id*. at 618). On January 16, 2018, Dr. Cameron Huckell of Pinnacle opined that Plaintiff had "sustained significant injuries to his thoracic and lumbar spine . . . as a result of the motor vehicle accident." (*Id*.).

On this record, the Court agrees with Plaintiff that Dr. Miller's and Dr. Siaw's opinions cannot constitute substantial evidence for the ALJ's physical RFC assessment. "[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015). "A medical opinion may be stale if it does not account for the claimant's deteriorating condition." *Carney v. Berryhill*, No. 16-CV-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017). In this case, the evidence of record shows that Plaintiff's medical condition was significantly impacted by the motor vehicle accident in June 2017, with Dr. Cameron Huckell indicating that it caused significant spinal injuries and Plaintiff seeking ongoing and significant treatment for his associated injuries. Under these circumstances, it was not permissible for the ALJ to rely on stale medical opinions from 2015 in determining Plaintiff's physical capabilities.

The Commissioner acknowledges that Plaintiff's "physical condition deteriorated after the biking accident," but argues that the ALJ's RFC finding is nonetheless supported by substantial evidence because Plaintiff's "treating physician observed normal gait and good balance while standing on his heels and toes." (Dkt. 17-1 at 14). This argument is not persuasive. First, while it is true that Dr. Cameron Huckell observed a normal gait on January 16, 2018 (*see* Dkt. 10 at 617), Dr. Graham Huckell observed an abnormal gait on January 24, 2018, and February 1, 2018 (*id.* at 605, 612). In other words, it is not the case that Plaintiff's treating physicians uniformly observed normal gait following the motor vehicle accident.

Second, and more importantly, the ALJ was not permitted to assess Plaintiff's RFC

based on his physicians' bare medical findings. *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted); *see also Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) ("An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion. . . . This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC." (citations omitted)). Plaintiff was involved in a serious motor vehicle accident that concededly caused a deterioration in his physical condition. He also suffers from a number of severe physical conditions. On these facts, it was error for the ALJ to assess Plaintiff's physical RFC without obtaining an updated medical opinion. *See Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 472 (W.D.N.Y. 2018) (finding reversible error where ALJ did not obtain updated medical source opinion as to the plaintiff's functioning following serious knee injury).

Accordingly, remand for further proceedings is necessary. On remand, the ALJ must properly develop the record, including by obtaining an updated medical assessment of Plaintiff.

### B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues.

*See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 U.S. Dist. LEXIS 58236, at *80 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 U.S. Dist. LEXIS 58203 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 16) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 17) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 29, 2020
       Rochester, New York